BLACK *v.* HILL.

Opinion delivered March 1, 1915.

WILLS—DEVISE OF REAL PROPERTY—VESTED INTEREST OF DEVISEE—SALE BY TESTATOR.—One C. made a will devising certain land to appellant, the will providing that appellant was to take care of the testator during the remainder of her life; appellant entered upon the land and began to fulfill the conditions of the will. Thereafter C. deeded the property to appellees, and appellant did nothing further toward her support. *Held,* under the evidence, the finding of the chancellor, dismissing appellant's bill, seeking to quiet his title in the lands, would not be disturbed.

Appeal from Conway Chancery Court; *John E. Martineau*, Chancellor on exchange; affirmed.

*W. P. Strait*, for appellant.

1. Irrespective of the will as such, or of its revocation, a valid and consummated contract existed between the testator and appellant, whereby he was to have her estate at her death conditioned upon his paying her debts and supporting her during the rest of her natural life, in the fulfillment of which contract she executed the will in question. This case falls within the exception to the rule that where property is willed or conveyed with vestiture of title conditioned upon performance of acts precedent, actual performance of such conditions precedent is necessary to vesting the title. Since appellant's failure to continue in the discharge of the obligations resting upon him was due to the testator's refusal to permit him to do so, the law will treat the conditions precedent as waived by the grantor and vest the title free of conditions. 6 N. Y. 203; 14 W. Va. 514; 102 Am. St. Rep. 370, note; 102 Ark. 41, and cases cited.

2. The deeds relied on by appellees are void and should be cancelled for the reason that they were fraudulently obtained through undue influence and without consideration, while the grantor was insane. They are not *bona fide* purchasers. 95 Ark. 586; 2 Pomeroy, Eq. Jur. (3 ed.), 745; White & Tudor's Leading Cases in, Equity, 49, 99, 105.

*Sellers & Sellers*, for appellees.

Appellant does not bring himself within the rule that a plaintiff in a court of equity must come with clean hands "conscience, good faith and reasonable diligence." The court will not lend its aid to relieve one from the consequences of his own fault or negligence, but will leave him to his remedy at law, if he has one. 33 Ark. 304; 23 Ark. 493; 53 Ark. 150; 67 Ark. 238; 74 Ark. 252; 113 Am. St. Rep. 507; 38 S. E. 182; 66 S. W. 161; 76 N. W. 890.

The case was heard by the chancellor upon the evidence and the complaint dismissed for want of equity.

All presumptions are in favor of the decree, and it will be affirmed, unless clearly contrary to the evidence. 84 Ark. 430; 114 Ark. 170.

Smith, J. Appellant brought this suit to recover eighty acres of land described in his complaint, and to quiet his title thereto, and for rents and profits, basing his right to recover on a certain contract evidenced by a will executed by one Nancy Champion, who in her lifetime owned the land in question. The instrument under which he claimed title is as follows:

"Plumerville, Ark., January 2, 1906.

"I, Nancy Champion, being well of body and sound of mind does hereby make and declare this to be my last will and testament. I bequeath to Taylor Black all my property both real and personal of whatever kind, subject to the following conditions. Taylor Black is to faithfully look after my health and comfort, see that I am provided with fire, food and clothing. He is to work my farm, look after the repairs of my farm and house. This he is to perform during my natural life, and at my death he is to take all my property as mentioned above. I hereby take my hand and seal this the 2d day of January, 1906.

"Nancy Champion.

"Witnesses: W. L. Vance, I. L. Walsh."

All the parties to this litigation are colored people.

Appellant alleged, and offered proof tending to show, that upon the delivery of this instrument to him he entered into the possession of the land there described, and proceeded to execute his undertaking. That he paid certain taxes and made some repairs and was otherwise performing his agreement to take care of the said Nancy Champion, when he was prevented from the further performance of his contract by the interference of appellees, who induced the said Nancy Champion to repudiate her said contract and to execute to appellees deeds to the land in controversy. The deeds to appellees were executed for substantially the same consideration as that recited in the will or contract set out above. Appellant

also alleged, and offered proof tending to show, that the said Nancy Champion became in poor health and sustained such loss of mentality that at the time of the execution of the deeds to appellees she was mentally incapacitated to execute such instruments, and that they were void on that account.

Appellees answered and alleged their ownership of the land in question under the deeds above mentioned. They further alleged, and offered proof to show, that appellant did not comply with his contract to care for the said Nancy Champion, but that he took possession of her property and required her to labor in the field and perform other services of value to him, and that the portion of the proceeds of the crops grown by him which he gave to and expended on the said Nancy Champion did not equal the fair rental value of the land. There was also proof tending to show that if the mental faculties of said Nancy Champion were in fact impaired, that this condition antedated the execution of the will as well as the deeds. There was also proof to the effect that appellant did not bestow that care and attention upon Nancy Champion, which the contract contemplated, and it was shown that his wife was unkind to her and on one occasion whipped her, and that she was arrested, tried and fined for committing this assault.

Appellant contends that the deeds to appellees could have worked no rescission of the will above set out, for the reason that she had no sufficient capacity to execute these deeds, and for the further reason that they were fraudulently obtained through undue influence exerted by appellees upon the said Nancy Champion, and that they were without consideration. And he further contends that, whatever construction may be given the instrument above set out, he had so far performed and offered to perform his obligations thereunder that his rights to the property became vested and could not be defeated by any subsequent act of the said testator.

The law of this case is fully discussed and clearly stated in the opinion of this court in the case of *Naylor*

v. *Shelton* 102 Ark. 30. A number of authorities were there reviewed and this court quoted with approval the following language from the case of *Johnson* v. *Hubbell,* 10 N. J. Eq. 332: ''There can be no doubt but that a person may make a valid agreement, binding himself legally to make a particular disposition of his property by last will and testament. The law permits a man to dispose of his own property at his pleasure, and no good reason can be assigned why he can not make a legal agreement to dispose of his property, to a particular individual, or for a particular purpose, as well by will, as by a conveyance to be made at some specified future period, or upon the happening of some future event. It may be unwise for a man in this way to embarrass himself as to the final disposition of his property, but he is the disposer, by law, of his own fortune, and the sole and best judge as to the time and manner of disposing of it. A court of equity will decree the specific performance of such an agreement, upon the recognized principles by which it is governed, in the exercise of this branch of its jurisdiction.''

The court below did not make any finding of fact, but did make a general finding in favor of appellees and dismissed the complaint for the want of equity.

We can not say that this finding was contrary to the clear preponderance of the evidence. Appellant is in no position to complain of any insufficiency of consideration to support the deeds to appellees, although the proof on their part is to the effect that they complied with their contract by caring for Nancy Champion until her death. Nor do we think the proof sufficient to show that lack of mentality which would render the deeds void on that account, but, even though such was the case, that fact would not profit appellant anything. Nancy Champion did not die until in February, 1912, and during the last four years of her life, when the necessity for the care and attention which was evidently contemplated at the time of the execution of the instrument sued on was

greatest, appellant did nothing under this contract. Nothing could excuse the conduct of appellant's wife in assaulting this poor old colored woman, and such conduct gave her the right to treat her obligation to devise the land at an end. If this was a suit on this contract for the value of appellant's services rendered under it, different legal principles would be involved from those which control our decision. ·

Upon a consideration of all the evidence in this case, we are of the opinion that the chancellor's finding was not contrary to the preponderance of the evidence and the decree of the court below is therefore affirmed.